EZELL, J.,
dissents.
_JjMrs. Brown died intestate. Three years after the Browns were married and less than a year prior to Mrs. Brown’s death, Mrs. Brown donated a “non-exelu-sive life usufruct” to Mr. Brown until his death of her separate family home and the improvements, which she had renovated with her first husband, the father of Mrs. Huffman and Mr. Spinks. Mr. Brown was not granted the usufruct of any other items. At the hearing, Mr. Brown admitted that very little of the furniture and other items in the house were his.
Effective September 1, 2005, certain rules were enacted governing interspousal donations inter vivos, which were in effect in 2009 when Mrs. Brown executed the donation of a non-exclusive life usufruct. A spouse may make a donation inter vivos to his future or present spouse in contemplation or consideration of marriage. La. Civ.Code art. 1744. Such donations are subject to the rules governing donations inter vivos. Id. “The donation, which may consist of any of the donor’s present property or all or any of the property that the donor will leave at his death, may be made to the donor’s future or present spouse.” La.Civ.Code art. 1746.
| gOrdinarily, a donation inter vivos which involves immovable property must be made by notarial act, as was done in the present case. See Comment (b) to La.Civ. Code art. 1541. However, when there is an interspousal donation inter vivos, there is the additional mandatory requirement that the form “shall expressly state that the donor makes the donation ... in consideration of his present marriage.... ” La.Civ.Code art. 1747 (emphasis supplied).
A review of the form indicates that no such mandatory provision was included in the donation inter vivos of the usufruct from Mrs. Brown to Mr. Brown. “A donation inter vivos that is null for lack of proper form may be confirmed by the donor but the confirmation must be made in the form required for a donation.” La.Civ. Code art. 1845. There was no confirmation by Mrs. Brown of the inter vivos donation of the usufruct. For this reason, I agree with the trial court that the donation inter vivos of a non-exclusive life usu-fruct to Mr. Brown was invalid and null.
For the foregoing reasons, I respectfully dissent.